# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | CASE NO. 1:07-cv-00531-AWI-SMS |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| SOCIAL SECURITY ADMIN. OFFICE, EMPLOYEES, et al., | (Doc. 1) |
| Defendants. | ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| _____ / | |

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action, filed on April 2, 2007, pursuant to 28 U.S.C. § 1651 (the All Writs Act), 28 U.S.C. § 1651, 5 U.S.C. § 552(a)(4)(E), 42 U.S.C. § 601, and 42 U.S.C. § 622.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

In this action, plaintiff alleges that defendants "have a clear, present and ministerial duty to abide by and adhere to the exercise of sound discretion governed by legal rules to do justice according to the law in conducting hearing and providing plaintiff with accurate information upon request." (Doc. 1, pg. 1.) Plaintiff alleges that he has "made repeated demands , request and sought Court orders requiring defendants to give him his benefits under the Fifth Amendment owned to plaintiff as a citizen of the United States pursuant to Title XX, 42 U.S.C. § 600 and 622, P.C. 11400, 11401, Rule 64 Federal Rules of Civil Procedures, despite the legal rules defendants insist on denying plaintiff his rights to information and benefits of those similarly situated within the U.S." (Id., pg. 2.) As relief, plaintiff seeks a three-judge panel, and a court order requiring defendants to comply with the Due Process Clause and FOIA, and to provide plaintiff with the rights and privileges afforded others who are similarly situated. (Id., pgs. 2-3.)

Construing plaintiff's vague and confusing allegations as favorably as possible, this action appears to be a petition for writ of mandamus under the All Writs Act and a complaint under the Freedom of Information Act. The All Writs Act does not confer original jurisdiction on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used 'sparingly and only in the most critical and exigent circumstances.'" Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682 (1986) (internal quotations and citation omitted)). "Such an injunction is appropriate only if 'the legal rights at issue are indisputably clear.'" Id. (quoting Ohio Citizens for Responsible Enegery, 479 U.S. at 1313 (internal quotations and citation omitted)). Plaintiff has made no showing that he is entitled to any relief under the All Writs Act.

With respect to plaintiff's FOIA claim, plaintiff has not alleged that he properly requested information in compliance with administrative procedures and had his request improperly refused. In re Steele, 799 F.2d 461, 465-66 (9th Cir. 1986). The Court therefore lacks jurisdiction under the exhaustion doctrine. Id.; see also Scherer v. Balkema, 840 F.2d 437, 443 (7th Cir. 1988) (in absence of allegation of exhaustion, complaint fails to state a claim upon which relief may be granted).

///

1  To date, plaintiff has filed thirty-eight actions in this Court, and plaintiff has filed similar
2 requests for relief.  In other actions, plaintiff has been placed on notice as to the appropriate standard
3 for obtaining injunctive relief, and plaintiff has also been placed on notice that his pleadings must
4 contain sufficient detail for the Court to determine whether or not he might be entitled to relief under
5 federal law.[1]  Despite this, plaintiff filed the instant action, which is utterly devoid of any showing
6 that plaintiff is entitled to relief in federal court.  The Court finds that this action fails to state a claim
7 upon which relief may be granted under federal law.  In light of the circumstances set forth herein,
8 justice does not require that leave to amend be granted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th
9 Cir. 2000).

10  Accordingly, this action is HEREBY DISMISSED for failure to state a claim under federal
11 law, and this dismissal SHALL COUNT AS A STRIKE pursuant to 28 U.S.C. 1915(g).

14 IT IS SO ORDERED.
15 **Dated:   May 8, 2007**              /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of document numbers 24, 26, 43, 49, 55, and 68 in case number 1:04-cv-05950-OWW-LJO PC <u>Smith v. Scribner</u>; document numbers 24, 25, and 30 in case number 1:06-cv-00310-AWI-NEW (DLB) PC <u>Smith v. Scribner</u>; document number 15 in case number 1:06-cv-01434-LJO-NEW (DLB) PC <u>Smith v. Board of Prison Term Personnel</u>; and document number 7 in case number 1:06-cv-01800-LJO-NEW (WMW) <u>Smith v. Scribner</u>.

3